# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. COLLADO,<br><br>                               Plaintiff,<br><br>vs.<br><br>LOURDES MARIA MIRANDA AYALA, et al.,<br><br>                              Defendants. | CASE NO. 19cv2120-LAB (AGS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 3];**<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE.** |

On November 5, 2019, Plaintiff John T. Collado brought this suit against a number of unrelated defendants for a number of unrelated torts. Currently before the Court is Collado's petition to proceed *in forma pauperis* ("IFP").

Collado's IFP application states that his average monthly income is approximately $1,070, which consists solely of the amount he receives for disability. Collado, who also lists one son as a dependent, spends approximately $700 per month on food and transportation. Accepting these allegations as true, the Court finds Collado is unable to pay the $400 filing fee. His motion to proceed IFP is therefore **GRANTED**. Dkt. 3.

When a plaintiff is permitted to proceed IFP, the Court must screen the complaint and dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary

- 1 -

relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

As best the Court can discern, Collado makes three separate allegations in his complaint. The first is against his ex-fiancée—an unnamed individual from Ensenada, Mexico[1]—who he suspects of "extortion, . . . stealing, and sex abuse." Complaint at 2. While the two were together, Collado alleges this ex-fiancée committed "indecent assault and perpetrated mind games." *Id.* The second allegation is against Defendants Veronica and Rowland Collado. Plaintiff suspects these two individuals committed negligent homicide and also kidnapped his mother. The final allegation is against David V. Phillips, who at some unspecified time "greeted [Plaintiff] with a handgun and threatened [him]." Like the other Defendants, Plaintiff suspects Phillips of extortion.

The first issue with the complaint is jurisdictional. Unlike state courts, which have the ability to hear all types of cases, federal courts have limited jurisdiction and can only hear two basic types of cases: those involving questions of federal law and those between parties from different states. *See* 28 U.S.C. §§ 1331, 1332. Neither type of jurisdiction is properly pled here. Diversity jurisdiction is satisfied only when the plaintiff and all named defendants are citizens of different states. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). According to the address listed on the pleadings, Plaintiff lives in San Diego and is therefore a resident of California for purposes of jurisdiction. Plaintiff has not described the citizenship of any of the named Defendants, but it appears likely that at least two of them are California citizens. He alleges, for example, that the kidnapping of his mother by Defendants Veronica and Rowland Collado took place in Kings County, California, making it likely that those Defendants are also citizens of California. Since it appears Plaintiff shares citizenship with at least two of the Defendants, diversity jurisdiction is not satisfied here.

---

[1] The Court suspects this unnamed Defendant is Lourdes Maria Miranda Ayala, a Defendant named in the caption of the complaint but not mentioned elsewhere.

The other possibility for jurisdiction—federal question jurisdiction—also appears to be lacking. Although Plaintiff makes several claims in his complaint, none appear federal in nature. His claims against his ex-fiancée, for example, include extortion, stealing, and sex abuse. While under certain circumstances these could be federal causes of action—if, for example, they somehow implicated interstate commerce—in most cases they would be state-law torts. His claims against the remaining defendants, which (liberally construed) include negligent homicide, kidnapping, and assault, are also claims traditionally adjudicated under state law.

But even putting aside the jurisdictional issues, Plaintiff's complaint must be dismissed for two other reasons. ***First***, it lacks basic details that would allow the Court to determine whether the claims are plausible. For example, Plaintiff "suspect[s]" that his ex-fiancée committed extortion, but he does not describe the manner in which she extorted him nor the date(s) on which the alleged extortion took place. Rowland and Veronica Collado are "suspect[ed]" of negligent homicide, but the complaint does not specify who was killed, the date of the homicide, or any other basic details that would allow the Court to infer the defendants were responsible. The conclusory nature of these allegations and the lack of any concrete details means that Plaintiff, at least at this stage, has failed to state a claim. ***Second***, other than being named in Plaintiff's complaint, the various Defendants appear to have no common connection. A plaintiff may join multiple claims if they are all against a single defendant, but unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Plaintiff's complaint runs afoul of this rule by bringing a series of unrelated claims against three unrelated sets of defendants.

In short, there are a host of issues with Plaintiff's complaint at this stage. The complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend his complaint, but he faces an uphill battle. He must first limit the claims in his amended complaint to a single incident and/or a single defendant. He must then plead enough details about that incident

| | |
|---|---|
| 1 | or defendant that the Court can reasonably infer the defendant is liable for the harm alleged. |
| 2 | And on top of that, he must show that the case belongs in federal court. To do so, he must |
| 3 | show that the claims either arise under federal law or that the parties are completely diverse |
| 4 | from one another. If he believes he can fix all these issues, he may file an amended |
| 5 | complaint no later than **December 13, 2019**. The Court will defer ruling on his motion to |
| 6 | appoint counsel until after he has filed his amended complaint. |
| 7 | **IT IS SO ORDERED.** |
| 8 | Dated: November 7, 2019 |

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge